# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CRISANTO GONZALEZ-CERVANTES, | 1:10-cv-00510 MJS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE A COGNIZABLE CLAIM |
| v. | (Docs. 1, 6) |
| JANET NAPOLITANO, et al., | |
| Respondents. | |

On March 23, 2010, Petitioner filed a petition for a writ of habeas corpus and, on October 12, 2010, he filed an amended petition. His petition challenges the validity of his 2003 California state court convictions.

Petitioner has consented to Magistrate Judge jurisdiction. 28 U.S.C. § 636(c).

For the reasons stated below, the Court DISMISSES the petition.

**I.    BACKGROUND**

On November 10, 2003, Petitioner was convicted in the Superior Court of Inyo County of four counts of misdemeanor sexual battery under California Penal Code section 243.4(e)(1). (Am. Pet. at 1, ECF No. 6.) Petitioner plead no contest to the charges and, under the terms of a plea agreement, was sentenced to 30 days in jail, three years of probation, and registration as a sex offender under California Penal Code section 290. (Id.) Petitioner's probation was terminated on January 11, 2006, and he is no longer in custody of the state of California. (Id. at 4.)

On August 15, 2007, Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") and is currently detained by ICE at the Eloy Detention Center in Eloy, Arizona. (Id. at 1.)

## II.   LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing section 2254 Cases.

## III.   DISCUSSION

As noted, Petitioner here challenges the validity of his 2003 California state court conviction. Specifically, he claims that he was denied effective assistance of counsel because his attorney did not advise him of possible adverse immigration consequences arising out of his conviction. (Am. Pet. at 10-11.); see Padilla v. Kentucky, 130 S.Ct. 1473 (2010).

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. § 2241 (c), 2254(a). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. Delong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). That Petitioner must register as a sex offender does not qualify as custody within the meaning of section 2254(a). Henry v. Lungren, 164 F.3d 1240, 1241-1242 (9th Cir. 1999) (being subject to California's sex offender registration requirement not custody); Williamson v. Gregoire, 151 F.3d 1180, 1182-1184 (9th Cir. 1998).

Immigration consequences of a state conviction do not render an individual "in custody pursuant to the judgment of a State court." Resendiz v. Kovensky, 416 F.3d 952, 958 (9th Cir. 2005) (an INS detainee facing deportation on the basis of a state-court conviction is not in custody pursuant to the judgment of a state court and therefore cannot file a habeas petition under 28 U.S.C. section 2254); id. at 960 (an immigration detainee is prevented from collaterally attacking a state court judgment in a 28 U.S.C, section 2241 petition against the INS; the sole remedy is to attack the state court conviction in state court).

In this case, Petitioner has completed his sentence, including any parole or probation, imposed by the Superior Court of Inyo County. He is not in custody for purposes of section 2254. Accordingly, a writ of habeas corpus is not an appropriate vehicle to use to seek relief from his earlier state court conviction.

Petitioner may be able to challenge his California state court conviction by way of a petition for coram nobis. However, this Court lacks jurisdiction to address such a petition in this case. "Coram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008)[1] ; accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006) (agreeing that "district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir. 1972), reversed on other grounds, 411 U.S. 345, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court"); Martinez v. Lockyer, 455 F. Supp. 2d 1150, 1151 (C.D. Cal. 2006) (same). Accordingly, if Petitioner

---

[1] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

-3-

seeks extraordinary relief by way of a petition for a writ of error coram nobis, his petition must be brought before the state court in which he suffered his conviction.

Alternatively, should Petitioner seek to challenge his current custody by ICE, his petition should be filed in the District of Arizona, the district of his current confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004).

Since this Court lacks jurisdiction to address Petitioner's claims, the present petition must be dismissed.

**IV.    CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find him deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 19, 2010          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE